# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00338-CR

**Danny Allen Farrell, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
## NO. 2C01-07856, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Danny Allen Farrell was charged with carrying an unlawful weapon. *See* Tex. Pen. Code Ann. § 46.02 (West 2003). A jury convicted him of the offense, and the trial court sentenced him to three days in jail plus a $750 fine and court costs. By one issue, Farrell appeals the conviction, asserting that the trial court erred in refusing to grant his challenges for cause of three veniremembers. We will overrule Farrell's issue and affirm his conviction.

## DISCUSSION

Officer Steven Taylor, an officer with the Temple Police Department, was the only witness who testified for the State during its case in chief.[1] Thus, when Farrell was provided a list

---

[1] During voir dire, it appeared that defense counsel anticipated two officers would testify for the State.

of prospective jurors and three of the first ten jurors were Temple police officers, Farrell requested a jury shuffle. The three police officers, however, remained among the first ten panelists. Farrell challenged each of the three officers for cause, and the trial court denied those challenges. He claims on appeal that the trial court erred in denying his challenges for cause.

A challenge for cause is defined as an objection made to a particular juror, alleging some fact that renders him incapable or unfit to serve on the jury. Tex. Code Crim. Proc. Ann. art. 35.16(a) (West Supp. 2004). The code of criminal procedure provides that a challenge for cause may be made by either the State or the defense for any of the following reasons:

1. the juror is not a qualified voter in the state and county;

2. the juror has been convicted of theft or any felony;

3. the juror is under indictment or other legal accusation for theft or any felony;

4. the juror is insane;

5. the juror has such a defect or disease as to render him unfit for jury service;

6. the juror is a witness in the case;

7. the juror served on the grand jury that found the indictment;

8. the juror served on a petit jury in a former trial of the same case;

9. the juror has a bias or prejudice in favor of or against the defendant;

10. from hearsay, or otherwise, the juror has established in his mind such a conclusion as to the guilt or innocence of the defendant as would influence him in his action in finding a verdict; and

11. the juror cannot read or write.

2

*Id.*; *see also id.* art. 35.16(c) (defense may challenge for cause if prospective juror is related to person injured by commission of offense or to prosecutor or if prospective juror has bias or prejudice against any law applicable to case). Farrell did not specify on which of the enumerated reasons he was basing his challenge for cause. A challenge for cause can be properly asserted on grounds that are not specifically enumerated in article 35.16 of the code of criminal procedure, when the challenge is based on facts that show that the prospective juror would be "incapable or unfit to serve on the jury." *Mason v. State*, 905 S.W.2d 570, 577 (Tex. Crim. App. 1995). Challenges that are not based on any ground specifically enumerated in the statutes are ordinarily addressed to the sound discretion of the trial judge. *Id.*

During voir dire, Farrell's defense counsel questioned venire person number one, Officer Garrett, as to whether he could be fair and impartial:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Okay. Officer Garrett, can you be fair and impartial? |
| PROSPECTIVE JUROR GARRETT: | Yes, sir. |
| [DEFENSE COUNSEL]: | You sure? |
| PROSPECTIVE JUROR GARRETT: | Yes, sir. |

Temple police officers Sabourin and Childress responded similarly:

| | |
|---|---|
| [DEFENSE COUNSEL]: | Could you be fair and impartial? |
| PROSPECTIVE JUROR SABOURIN: | Yes, sir. |
| [DEFENSE COUNSEL]: | And Officer Childress? |

3

PROSPECTIVE JUROR CHILDRESS:  I believe so.

. . . .

[DEFENSE COUNSEL]:                    Senior officer.  You could be fair and impartial and listen to the facts?

PROSPECTIVE JUROR CHILDRESS:  Yes.

Later, Farrell's defense counsel questioned the officers about their ability to be fair and impartial with regard to the specific witnesses that were to testify for the State, whom the officers acknowledged that they knew personally:

[DEFENSE COUNSEL]:                    . . . . And Mr. Garrett, how are you going to take their testimony?  Are you going to automatically believe them because they're a fellow Temple police officer?

PROSPECTIVE JUROR GARRETT:  No, sir.

[DEFENSE COUNSEL]:                    You're telling me that you're not going to take their word over anybody else simply because they're a Temple police officer, the same as you are?

PROSPECTIVE JUROR GARRETT:  No, sir.

[DEFENSE COUNSEL]:                    So I'm going to be in good shape then if you ever come on a case and said, I had information from these officers and I acted on it, then I can take it that you don't necessarily believe that information is true; is that right?

PROSPECTIVE JUROR GARRETT:  It would be -- it depends on the case-by-case basis.

[DEFENSE COUNSEL]: But I'm saying, you're generally going to -- not going to accept everything they tell you? They tell you --

PROSPECTIVE JUROR GARRETT: That's correct.

. . . .

[DEFENSE COUNSEL]: Are you going to accept it, Mr. Childress?

PROSPECTIVE JUROR CHILDRESS: I'm not going to take everything they say at face value. I have to look at it myself a little bit and see.

. . . .

[DEFENSE COUNSEL]: Now, do you think you could really be fair and listen to a fellow police officer testify from your own agency, somebody you may go have coffee with tomorrow? You're saying you can be fair?

PROSPECTIVE JUROR CHILDRESS: Yes, because -- the reason being, I don't want to work with a dishonest policeman, and I won't work with a dishonest policeman. So if he was up there materially just misrepresenting the truth, then I wouldn't --

[DEFENSE COUNSEL]: Well, how would you know that? I mean, I'm just saying --

PROSPECTIVE JUROR CHILDRESS: Well, by sitting on the panel and neutrally observing and judging.

. . . .

[DEFENSE COUNSEL]: You can take the jury box and be just as fair, and if you have to rule against them, you can do it?

PROSPECTIVE JUROR SABOURIN: If it comes down to it, yes sir.

5

[DEFENSE COUNSEL]: And you could face them the next day when you see them?

PROSPECTIVE JUROR SABOURIN: Yes, sir.

The record reveals that all three of the police officers expressed their belief that they could be fair and impartial in listening to the evidence presented. All three stated that they would not instinctively believe a witness simply because the witness was a police officer. On this record, we hold that it was not an abuse of discretion for the trial court to conclude that the three police officers were not incapable or unfit to serve on the jury and to deny Farrell's challenge for cause. We overrule his sole issue on appeal and affirm the trial court's judgment of conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 11, 2004

Do Not Publish